# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RONNIE LEE THUMS,**

    **Petitioner,**

    v.                                                      **Case No. 14-CV-574**

**WARDEN MICHAEL DITTMANN,**

    **Respondent.**

## DECISION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS AND DISMISSING CASE

Ronnie Lee Thums ("Thums"), a Wisconsin prisoner, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thums challenges his Winnebago County convictions for stalking.[1] (Docket # 1 at 2; Reply to Respondent's Answer to the Petition, Docket # 15 at 2.) Here, I address the respondent's answer that Thums' petition is untimely filed. (Answer to the Petition ("Answer"), Docket # 12). Before turning to that issue, I also address Thums' motion for default judgment. (Docket # 16.)

### MOTION FOR DEFAULT JUDGMENT

Thums moved for default judgment because the respondent did not file a response brief. The respondent responded to the motion for default judgment, explaining he had miscalculated the due date and asking the court to accept the late filing of his response brief. (Docket # 17.) A default judgment against a custodian in a habeas corpus proceeding is especially rare and may be granted when the delay is extreme. *Ruiz v. Cady*, 660 F.2d 337, 340 (7th Cir. 1981). Here, because the delay

---

[1] Though in his petition Thums includes convictions for eluding and for second degree endangering safety, he later states he is challenging only the stalking conviction. (Docket # 15 at 2.)

in receiving the brief was negligible and because in his reply Thums states that he is "still quite comfortable having this Court make it's [sic] judgment on the merits," I will accept the respondent's brief.

## STATUTE OF LIMITATIONS

As stated above, in his answer to the petition as well as in his response brief, the respondent argues that the petition must be denied for untimeliness. I will provide some factual background and then address the requirements of the statute of limitations.

*Background*

As relevant here, Thums was convicted of stalking in Winnebago County case number 2004CF301 on November 5, 2004. (Judgment of Conviction, Answer, Exh. A-2, Docket # 12-2.) On the same day, Thums was also convicted of eluding and second degree recklessly endangering safety in Winnebago County case number 2004CF132. (Judgment of Conviction, Answer, Exh. A-3, Docket # 12-3.) On August 24, 2005, Thums filed a post-conviction motion pursuant to Wis. Stat. § 974.06 challenging his sentence, alleging that he was improperly sentenced under Truth in Sentencing I rather than Truth in Sentencing II. (Ct. App. Decision in 2012AP466, 2012AP467, Answer, Exh. B, Docket # 12-4 at 2.) Following the circuit court's denial of his motion, Thums appealed. The court of appeals reversed and remanded, and Thums was resentenced on December 7, 2006. (*Id.*; Wisconsin Circuit Court Access Program ("CCAP"), Winnebago County Cases 2004CF132 and 2004CF301.) Thums filed another post-conviction motion on April 4, 2007 in 2004CF301 on the basis that the judgment incorrectly stated his stalking conviction was for a Class C felony. (CCAP, Winnebago County Case 2004CF301; Docket # 12-4 at 2.) The court issued an amended judgment on April 13, 2007. (*Id.*) In June 2009, Thums petitioned for sentence adjustment

in both cases, and his petitions were denied. (CCAP, Winnebago County Cases 2004CF132 and 2004CF301.)

In January 2012, Thums filed a post-conviction motion pursuant to Wis. Stat. § 974.06 again challenging his sentence. (*Id.*; Docket # 12-4 at 2.) He argued that the presentence investigation report ("PSI") contained inaccurate information amounting to a new factor under *State v. Harbor*, 2011 WI 28, 333 Wis. 2d 53, 797 N.W.2d 828. (Docket # 12-4 at 2.) The circuit court denied his motion and Thums appealed. (*Id.*) The court of appeals affirmed the circuit in a summary disposition, finding that he was procedurally barred from bringing the claim and that even if not barred, his claim would fail on the merits. (*Id.* at 3.) Thums' petition for review in the Wisconsin Supreme Court was denied on August 12, 2013. (CCAP, Winnebago County Case 2004CF132.) On May 20, 2014, Thums filed this federal habeas petition. (Docket # 1.)

*Analysis*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs this case. Under AEDPA, habeas petitions challenging state court confinement are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

Specifically the statute provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Thums' petition is most appropriately analyzed under 28 U.S.C. § 2244(d)(1)(A) and (D). As to § 2244(d)(1)(A), Thums' convictions became final for purposes of the AEDPA one-year statute of limitations on November 5, 2004. He filed no direct appeal. Therefore, the clock started to run 20 days—the number of days Thums had to file a notice of appeal pursuant to Rule 809.30(2)(b)—after the entry of judgment on November 29, 2005 (two days were holidays, extending the 20 days to November 27, 2005, and because November 27th was a Saturday, the deadline was November 29, 2005). Thums' one year time limit expired on November 29, 2006. Though the filing of a state court motion will toll the time limits, once the one-year statute of limitation runs, the filing of any subsequent state court motion concerning the convictions does not "re-start" the clock. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (explaining that § 2244(d)(2) excludes particular

time from the one-year limitation calculation and does not mean that the filing of another state post-conviction or collateral relief motion restarts the clock).

Even starting the calculations from April 13, 2007, the date on which the circuit entered an amended judgment in 2004CF301 (the stalking charge) following re-sentencing, as well as a modification for a clerical error, Thums' petition is still untimely. From that date, Thums had until April 13, 2008 to file his habeas petition. He filed no other state court motions until June 2009, at which time no time remained in the one-year statute of limitations to be tolled. Therefore, when Thums filed his petition on May 20, 2014, it was far outside the one-year statute of limitations and therefore does not meet the criteria of § 2244(d)(1)(A).

Thums' petition is also untimely when analyzed under § 2244(d)(1)(D). Thums suggests that his petition rests on new information. The basis of his 2012 post-conviction motion was that he had discovered false information in the PSI. (*See* Docket # 12-4 at 3.) However, by Thums' own admission, he discovered the information in the PSI in 2010.[2] (Docket # 15 at 12.) He waited over eighteen months to file his post-conviction motion challenging the information in the PSI. (*See* Docket # 12-4.) Therefore, even if the proper date was to be analyzed under § 2244(d)(1)(D)—the date on which Thums discovered the new information—his post-conviction motion, as well as his habeas petition, were filed approximately two years outside of the one-year statute of limitations. Thus, Thums' petition is untimely under the AEDPA one-year statute of limitations.

There are two additional considerations. First, the doctrine of equitable tolling can excuse an untimely filed habeas petition. Equitable tolling is granted "sparingly" and only when extraordinary

---

[2] Thums initially stated that he first discovered the information in the PSI in 2009. (Docket # 15 at 12.) However, in his reply brief in support of his motion for default judgment, he states that it was in fact May or June of 2010 that he discovered the information in the PSI. (Docket # 18 at 5.)

circumstances far beyond the litigant's control prevented timely filing. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). In deciding whether the AEDPA limitations period should be equitably tolled, the court must determine that (1) the petitioner "has pursued his rights diligently" and (2) "extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Id.* A litigant seeking equitable tolling bears the burden of establishing these two elements. *Holland v. Florida*, 130 S.Ct. 2549, 2566 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Thums argues that he did not know the basis for his challenge to his sentence until well after his sentencing, and he also argues that among the "external impediments" he faced were "being shipped around the state" and "being held in jail on unreasonably high bond . . . ." (Docket # 15 at 4.) Thums expounded upon this in his reply brief in support of his motion for default judgment, affirmatively alleging that his being transferred between various correctional institutions and being held on bond prevented him from filing a motion concerning the information in the PSI. (Docket # 18 at 7-9.) The bar for "extraordinary circumstances" is high. *See Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (finding that petitioner's language barrier, limited education, lack of knowledge of the legal system, and prison transfer did not constitute extraordinary circumstances to excuse his failure to discover that his attorney had not filed an appeal). Thums has not met the high bar for proving that extraordinary circumstances prevented him from filing his motion in state court following his discovery of the information in the PSI. He cannot show that he pursued his rights diligently. Therefore, equitable tolling does not apply.

Next, the United States Supreme Court held in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), that the miscarriage of justice exception applies to AEDPA's statute of limitations. However, to "invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a

petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Though Thums argues that the state courts' denial of relief constitutes a "miscarriage of justice," he has not presented evidence to satisfy the standard in *McQuiggin*.

In sum, Thums has not shown that either exception to the one-year statute of limitation applies to his untimely petition. Therefore, Thums' petition must be denied because it is untimely. Because I find that Thums' petition is untimely, I need not address the respondent's alternative arguments that Thums procedurally defaulted and that the petition fails on the merits.

**CERTIFICATE OF APPEALABILITY**

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a

threshold inquiry; thus, I need only address one component if that particular showing will resolve the issue. *Id.* at 485.

For the reasons set forth in this decision denying Thums' habeas petition, Thums' untimely petition does not warrant a certificate of appealability. Whether Thums' petition is untimely is a straightforward issue, and I do not believe that a reasonable jurist would find it debatable whether I erred in resolving this procedural question. Additionally, I do not believe that reasonable jurists would find it debatable whether equitable tolling and/or the miscarriage of justice exceptions apply to his untimely petition.

Thus, the court will deny a certificate of appealability as to Thums' petition. Of course, Thums retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**IT IS ALSO ORDERED** that the petitioner's motion for default judgment (Docket # 16) is **DENIED AS MOOT.**

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 10th day of February, 2015.

                                                      BY THE COURT

                                                      *s/Nancy Joseph*
                                                      NANCY JOSEPH
                                                      United States Magistrate Judge